# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-194-R |
| ) | |
| GREG WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing through counsel,[1] has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pursuant to an order entered by United States District Judge David L. Russell, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and it is recommended that the petition be dismissed upon filing as untimely.

By this action, Petitioner challenges his conviction after a jury trial on one count of murder in the first degree for which he was sentenced to life without parole. Case No. CF-1997-494, District Court of Bryan County, Docket; Petition, 1-2. Petitioner raises two grounds for relief. In Ground One, he states:

> My Constitutional Right to Due Process was Violated by the Proceedings Involved with My Application for Post-Conviction Relief Which Requires the Reversal of the Conviction. The Court of Criminal Appeal[s'] Rejection of the

---

[1] While the petition and brief in support are signed by Petitioner's counsel, the undersigned notes that counsel has not entered her appearance as required by Local Civil Rule 83.4. Counsel should enter her appearance within five days of this Report and Recommendation.

Appeal of the denial of my Application for Post-Conviction is against the weight of federal law and should be disregarded.

Petition, 4. In Ground Two, he claims that his counsel rendered ineffective assistance in violation of his constitutional rights. Petition, 5.

As a preliminary matter, the undersigned notes that Petitioner's Ground One claim is not cognizable on habeas review. In support of this claim, Petitioner refers the Court to his brief in support of his petition in which he alleges in the "overview" section that his due process rights and his right of access to court were violated when the state district court and the Oklahoma Court of Criminal Appeals failed to timely rule on his application for post-conviction relief. Brief in Support of Petition, 13-14. The Tenth Circuit has made clear that "state post-conviction delays do not give rise to independent due process claims that are cognizable under § 2254." Body v. Watkins, No. 01-1556, 51 Fed. Appx. 807, 810 (10th Cir. Oct. 16, 2002);[2] see also United States v. Dago, 441 F.3d 1238, 1248 (10th Cir. 2006) ("[A] delay in post-conviction proceedings does not give rise to an independent due process claim that would justify granting a defendant habeas relief."). Accordingly, habeas relief on Ground One should be denied.

## I. PROCEDURAL HISTORY

As the undersigned finds that the petition is time barred, the following detailed procedural history of Petitioner's criminal case is set forth. Petitioner timely appealed his

---

[2]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

conviction following a jury trial, and the Oklahoma Court of Criminal Appeals affirmed the conviction and sentence on January 11, 2000. Case No. F-1998-625, Oklahoma Court of Criminal Appeals, Docket; Petition, 2. On September 5, 2003, Petitioner filed an application for post-conviction relief which the district court denied on June 19, 2006. Case No. CF-1997-494, District Court of Bryan County, Docket; Petition, 2-3. On July 31, 2006, Petitioner filed a request for findings of fact and conclusions of law with the state district court. Case No. CF-1997-494, District Court of Bryan County, Docket. Petitioner claims that the state district court failed to take any action on his request for findings of fact and conclusions of law. Brief in Support of Petition, 3. Thus, Petitioner requested an order nunc pro tunc so that he could pursue an appeal from the denial of his application for post-conviction relief, and the state district court entered that order on May 15, 2008. Case No. CF-1997-494, District Court of Bryan County, Docket; Brief in Support of Petition, 3.

Petitioner filed his appeal on June 11, 2008, and the Oklahoma Court of Criminal Appeals entered an order on January 14, 2009, declining jurisdiction because Petitioner failed to timely appeal his denial of post-conviction relief. Case No. PC-2008-564, Oklahoma Court of Criminal Appeals, Docket. Petitioner then filed a second application for post-conviction relief with the trial court seeking an appeal out of time, and the trial court entered an order on June 23, 2009, recommending an appeal out of time. Case No. CF-1997-404, District Court of Bryan County, Docket. The Oklahoma Court of Criminal Appeals granted an appeal out of time, and on February 25, 2010, it reversed the trial court's June 19, 2006, order denying post-conviction relief and directed that court to enter an order stating its

3

findings of fact and conclusions of law. Case No. PC-2009-986, Oklahoma Court of Criminal Appeals, Docket.

On June 22, 2010, the state district court entered its findings of fact and conclusions of law, and it again denied Petitioner's application for post-conviction relief. Case No. CF-1997-494, District Court of Bryan Count, Docket. Petitioner appealed that denial to the Oklahoma Court of Criminal Appeals which affirmed on September 17, 2010. Case No. PC-2010-667, Oklahoma Court of Criminal Appeals, Docket.

## II. VENUE

Since the Petitioner attacks a conviction from the District Court of Bryan County, which is located within the Eastern District of Oklahoma, 28 U.S.C. § 116(b), and since he is incarcerated in the Oklahoma State Reformatory which is located in Granite, in the Western District of Oklahoma, both federal courts have jurisdiction to entertain this habeas petition. 28 U.S.C. §2241(d).

However, it has been a long standing policy of this Court and the U.S. District Court for the Eastern District of Oklahoma that justice is normally better served by the adjudication of a habeas petition in the district where the conviction was entered since that is where the trial court officials and records are located, where trial counsel for the prosecution and the Petitioner are ostensibly available, and where any necessary witnesses usually reside.

This Court may, in its discretion and in the interest of justice, transfer this action to any other court in which such action could have been brought. 28 U.S.C. §2241(d). However, because the undersigned determines that the petition is time barred, the

4

undersigned determines that it would not be in the interest of justice to transfer this action to the United States District Court for the Eastern District of Oklahoma and thus recommends dismissal.

## III. SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Additionally, "district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day, 547 U.S. at 210. This Report and Recommendation provides both fair notice and an opportunity for Petitioner to present his position by filing an objection to the Report and Recommendation. When raising the issue sua sponte, the district court must also "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." Day, 547 U.S. at 210 (internal quotation marks omitted); Thomas v. Ulibarri, No. 06-2195, 214 Fed. Appx. 860, 861 n.1 (10th Cir. Jan. 31, 2007). Finally, a Court may dismiss a § 2254 habeas petition sua sponte only if the petition is clearly untimely on its face. Kilgore v. Attorney General of Colorado, 519 F.3d 1084, 1085 (10th Cir. 2008). The initial review of the petition shows that

the petition is untimely filed, and for that reason, it is recommended that the petition be dismissed upon filing.

## IV. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one year limitations period governing the claims of a habeas petitioner in state custody. Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999). The one year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Unless a petitioner alleges facts implicating subsection (B), (C) or (D), the limitation period generally begins to run from the date on which the conviction becomes final. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not alleged anything to suggest that subsections (B), (C), or (D) would apply to the petition, and thus, the undersigned applies subsection (A). Petitioner's direct appeal was concluded on January 11, 2000, and thus the one-year limitation period began to run on or about April 11, 2000, after the 90 day time period to file a petition for certiorari in the

United States Supreme Court expired. Case No. F-1998-624, Oklahoma Court of Criminal Appeals, Docket. See 28 U.S.C. § 2101; see also Sup. Ct. R. 13; Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001); see Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.") (footnote omitted) (citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). Accordingly, the limitation period expired on or about April 11, 2001, absent statutory or equitable tolling.

### B. STATUTORY TOLLING

The AEDPA limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, only those applications for state post-conviction relief filed prior to the expiration of the AEDPA limitations period toll it. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Thus, although Petitioner filed two applications for post-conviction relief, those filings did not toll the running of the AEDPA limitations period because Petitioner did not file the first of them until September 5, 2003, over two years after the April 11, 2001, expiration of the limitations period.

### C. EQUITABLE TOLLING

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare

and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims, and he bears the burden to "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

The only facts that could arguably support a claim of equitable tolling are the state courts' delay in conducting Petitioner's post-conviction proceedings. However, the record does not show that Petitioner has diligently pursued his federal claims. Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, Petitioner argues that he is entitled to habeas relief based on the alleged ineffective assistance of his trial counsel for alleged inadequacies during the trial and for his appellate counsel's failure to raise an ineffective assistance of trial counsel claim on direct appeal. As these alleged insufficiencies occurred at trial and on direct appeal, Petitioner was necessarily aware of any alleged ineffective assistance of his trial and appellate counsel at the time that counsel was rendered. However, he waited until more than two years after the limitations period expired to bring a collateral attack on his convictions. In light of this significant delay, equitable tolling is not appropriate.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition be dismissed upon filing as untimely. Petitioner is advised of his right to file an objection to this Report

and Recommendation with the Clerk of this Court by April 25, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  The Clerk is directed to send a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**Entered this 5th day of April, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE